UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MITCHEL A. LITWIN,<br><br>                 Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                 Defendant. | CASE NO. C15-1334-JLR-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Mitchel A. Litwin proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1987.[1] He graduated from high school with special

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

education, and previously worked as a grocery store courtesy clerk. (AR 226, 232.)

Plaintiff filed an application for DIB in December 2012, alleging disability beginning January 15, 2009. (AR 206-07.) His application was denied at the initial level and on reconsideration. (AR 140-42, 148-54.)

On April 15, 2014, ALJ Wayne Araki held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert (VE). (AR 62-111.) On May 28, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 43-52.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 16, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked between the alleged onset date and the date last insured. (AR 45.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's autism, depression, and "an anxiety disorder variously diagnosed as anxiety and obsessive compulsive disorder." (AR 45.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 46-47.)

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform work at all exertional levels, with the following non-exertional limitations: He can understand, remember, and carry out instructions and tasks associated with unskilled work (specific vocational preparation 1-2).  He can have occasional interaction with co-workers and supervisors.  He can have infrequent superficial interaction with the general public.  He can deal with routine workplace changes involved in unskilled work.  (AR 47-50.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work.

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as hand packager, landscape laborer, and kitchen helper/dishwasher.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the opinions of State agency psychological

consultants, and in discounting Plaintiff's credibility.  He also contends that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision.  He asks that the ALJ's decision be reversed and his claim remanded for a finding of disability or, in the alternative, for further proceedings.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

### Medical Opinion Evidence

Plaintiff argues that the ALJ erred in failing to account for all portions of the State agency opinions, while purporting to give them "significant evidentiary weight." (AR 49.)  An ALJ must explain why a medical opinion inconsistent with the RFC assessment is rejected.  *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that an ALJ does not err in including limitations consistent with, not necessarily identical to, those assessed by a physician).

In this case, State agency psychological consultant Thomas Clifford, Ph.D., opined that Plaintiff "can do complex tasks with occasional lapses from psychiatric condition, but not so as to preclude productive activity in all competitive employment situations." (AR 121.)  Dr. Clifford went on to find that Plaintiff "can do jobs requiring no more than superficial contact with others." (AR 122.)

State agency psychological consultant Dan Donahue, Ph.D., opined that Plaintiff "will do best w/simple work tasks & can complete these for 40 hr work week w/[occasional] wane in [attention] & concentration.  Work would be best accomplished w/o close coordination

w/coworkers & may need [occasional] reminders from supervisors." (AR 132.) Dr. Donahue also opined that Plaintiff "will do best w/limited [general public] & superficial interactions w/coworkers & supervisors." (AR 133.) Dr. Donahue lastly noted that Plaintiff "will work best w/in a predictable work environment." (*Id.*)

Plaintiff argues that the ALJ erred in failing to either account for or provide reasons to reject (1) Dr. Clifford's opinion that Plaintiff would have occasional "lapses" and could not have more than superficial contact with others; and (2) Dr. Donahue's opinion that Plaintiff's attention and concentration would occasionally wane, or that he would work best without close coordination with coworkers, with superficial interaction with co-workers and supervisors, and with a predictable work environment.

Plaintiff has not established error as to Dr. Donahue's opinion, because the ALJ's RFC assessment need not address how a claimant would "do best": RFC is the most, not the least, that a claimant can do. *See* SSR 96-8p, 1996 WL 374184, at *1. Therefore, Dr. Donahue's opinions regarding Plaintiff's social and adaptation limitations need not be accounted for in the RFC assessment, because they were written as recommendations for an optimal work environment, rather than requirements.

Likewise, because Dr. Donahue explicitly found that despite Plaintiff's occasionally waning concentration and attention, he could complete simple work tasks for 40 hours per week. (AR 132.) This opinion is similar to Dr. Clifford's opinion that Plaintiff's "occasional lapses" would not preclude work. (AR 121.) Plaintiff has not shown that the ALJ's RFC assessment is less restrictive than this aspect of Dr. Donahue's opinion or Dr. Clifford's opinion, and has therefore not established error.

Plaintiff has established error as to the social limitations included in Dr. Clifford's

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

opinion, however. Dr. Clifford opined that Plaintiff required "no more than superficial contact with others." (AR 122.) The ALJ limited only the amount of interaction Plaintiff had with coworkers and supervisors, but did not limit the depth. (AR 47.) Thus, Dr. Clifford's opinion conflicts with the ALJ's RFC assessment, without explanation.

The Commissioner argues that this error is harmless because the jobs identified by the VE at step five do not require a significant amount of interaction. Dkt. 12 at 12-14. This argument, like the ALJ's RFC assessment, does not account for the difference between the amount, as opposed to the depth, of interaction. Because Dr. Clifford's opinion addresses Plaintiff's ability to interact beyond a superficial level, and the Dictionary of Occupational Titles does not address the depth of interaction contemplated by the jobs identified by the VE, the Court cannot find that the ALJ's error is harmless. On remand, the ALJ shall reconsider Dr. Clifford's opinion and either credit it in its entirety, or provide legally sufficient reasons to discount it.[2]

Because this case should be remanded for further proceedings, the ALJ on remand may consider the evidence submitted to, but apparently not incorporated into the record by (AR 5), the Appeals Council. (AR 10-29, 57-61.) The ALJ should also reconsider the adverse credibility determination (AR 48), which is based in part on the ALJ's review of the medical evidence, which is erroneous for the reasons explained *supra*.

/ / /

/ / /

---

[2] Although Plaintiff requests a remand for a finding of disability, this remedy is inappropriate because even if Dr. Clifford's opinion were credited, it is not clear that Plaintiff would necessarily be found disabled as a result. Accordingly, a remand for further proceedings is appropriate. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 5, 2016**.

DATED this 15th day of January, 2016.

                                                Mary Alice Theiler
United States Magistrate Judge